[No. 14765.  Department Two.  July 17, 1918.]

GEORGE W. HILL et al., Respondents, v. J. M. ARTHUR et al., Appellants.[1]

CONTINUANCE—GROUNDS—ABSENCE OF WITNESSES—DILIGENCE.  It is not an abuse of discretion to refuse a continuance to secure the testimony of a witness upon a subject put in issue by the pleadings and a matter of dispute throughout the case, where it would have been merely cumulative and there was want of diligence in not subpoenaing him.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS TO INSTRUCTIONS. Exception to instructions and to the sending of irrelevant instructions to the jury room, not called to the court's attention, will not be considered on appeal.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered July 9, 1917, upon the verdict of a jury awarding damages in condemnation proceedings.  Affirmed.

*Fred M. Bond,* for appellants.
*N. H. Bloomfield* and *F. D. Couden,* for respondents.

MACKINTOSH, J.—The plaintiffs, as commissioners of drainage district No. 3 of Pacific county, in this action condemned property of the defendant, the jury first assessing the damages and then determining the benefits.  After the verdict as to the damages, the defendant moved for a continuance of the trial as to the benefits, to enable the procuring of a witness named Williams, whose testimony was alleged to be necessary and material.  One of the errors assigned is the denial of this motion.  Other assignments relate to the giving of certain instructions and the sending of others to the jury room, and the admission of expert testimony.

The defendant was a cranberry grower, and a great deal of the testimony related to methods used by suc-

[1]Reported in 173 Pac. 1092.

cessful growers, the witnesses for both parties refer-ring continually to the operation of the Williams, Arthur and Adams bogs, one of the principal points dwelt upon being the methods used by Williams on his bog and the reasons therefor, this issue having been tendered by the defendants' claim of damages to their bog by reason of the construction of the ditch. Neither side had subpoenaed Williams, though several witnesses were present from the vicinity of his residence, some fifty miles from the place of trial. A witness, called in rebuttal by the plaintiff on the trial as to damages, testified that he, having laid out the Williams' bog and being familiar with its operation, knew the reasons moving Williams to the use of certain methods of handling the ditches and water on his bog. The defendants desired to have a continuance of the trial as to the benefits to secure Williams to testify that the reasons assigned to him were not the ones actually moving him in his operation of his property.

We see no abuse of discretion in refusing this request, for the entire matter regarding Williams' bog was raised by the defendants, and, before the trial, they knew that they would seek to prove how Williams was taking care of his crop, and due diligence required that, when subpoenaing other witnesses in the same locality to testify regarding these very matters, Williams should have been included. The ultimate fact to which Williams would have testified had already been covered by other witnesses for the defendant, and his testimony would have been but cumulative in any event. Moreover, no showing is made that any effort to obtain Williams' presence would have been unsuccessful if it had been made between the time of the trial as to damages and the beginning of the hearing on the question of benefits.

Also in the discretion of the trial court rested the determination of the qualification of the witnesses called as experts, and there was no such abuse as would justify our interference.

The record does not disclose that the exceptions taken to the instructions complained of and to the alleged sending of irrelevant instructions to the jury room were called to the court's attention, and we, therefore, cannot now consider them.

Other minor assignments of error were not urged upon oral argument, yet we have examined them and find them without merit.

Judgment is affirmed.

MAIN, C. J., HOLCOMB, MOUNT, and CHADWICK, JJ., concur.